PER CURIAM:
This claim was originally styled in the name of Anita Ann Erwin; however, testimony indicated that the vehicle, a 1982 Chevrolet Celebrity, was titled in the names of Anita Ann Erwin and Craig Scott Erwin, and the Court, on its own motion, amended the style to include Craig Scott Erwin as a party claimant.
Claimant Anita Ann Erwin testified that the vehicle struck "a hooved up piece of asphalt" on Corridor G (U.S. Route 119) while she was travelling from Logan and proceeding toward Williamson. The incident occurred on April 21, 1988, between 1:00 and 1:30 p.m. It was dry and sunny. The oil pan and the transmission of the vehicle were damaged in the amount of $645.51. Claimant Anita Erwin is unaware when this damage to the roadway occurred.
Mike Kolota, Jr., Acting Supervisor of Logan and Mingo Counties for the respondent at the time of this incident, stated that he is familiar with the accident site. He travelled on U.S. Route 119 at approximately 9:00 the morning of April 21,1988, and the roadway was "... cracked a little bit." He returned between 1:30 and 2:00 p.m. At that time, he observed the hazard and dispatched men as flagmen and to place signs. This was the first notice he had of the hazard.
John M. Sammons, Supervisor of Corridor G for respondent, testified that he reviewed the pertinent records regarding complaints. He checked with the clerks and reviewed the telephone logs. Respondent had received neither calls nor complaint forms pertaining to that location.
John M. Sammons, Supervisor of Corridor G for respondent, testified that he reviewed the pertinent records regarding complaints. He checked with the clerks and reviewed the telephone logs. Respondent had received neither calls nor complaint forms pertaining to that location.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, S.E.2d 81 (1947). In order for the respondent to be found liable *164 for the damages incurred, proof of notice, either actual or constructive, of the defect in question must be shown. The evidence in this record indicates that the dangerous condition appeared suddenly and that the respondent acted promptly to take safety precautions as soon as it became aware of the problem. Barnhart vs. Dept. of Highways, 12 Ct.Cl. 236 (1979), Moore vs. Dept. of Highways, and Taylor vs. Dept of Highways, CC-85-167 (Opinion issued February 19, 1986). The Court is of the opinion that negligence on the part of the respondent has not been established, and, therefore, the Court denies this claim.
Claim disallowed.